[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 11-10969

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 6, 2012
JOHN LEY
CLERK

Agency No. A030-710-742


MELIH ODEMIS,

                                                                Petitioner,

                              versus


U.S. ATTORNEY GENERAL,

                                                                Respondent.


_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

(April 6, 2012)

Before WILSON and MARTIN, Circuit Judges, and ALBRITTON,* District Judge.

_____

        * Honorable W. Harold Albritton, Senior United States District Judge for the Middle
District of Alabama, sitting by designation.

PER CURIAM:

Melih Odemis challenges a decision by the Board of Immigration Appeals (BIA) to deny him a waiver under 8 U.S.C. § 1182(h). Such a waiver would have permitted Odemis to stay in the United States with his U.S. family, despite his prior commission of a crime involving moral turpitude, which would normally render him ineligible for admission. See 8 U.S.C. § 1182(a)(2)(A)(i).

The BIA's denial of the § 1182(h) waiver—also commonly referred to as a Section 212(h) waiver—had two bases. The first was the BIA's legal conclusion that Odemis was statutorily ineligible for the waiver. The second basis was the BIA's discretionary refusal under § 1182(h) to consent to Odemis' admission to the United States. Because each basis constituted an independent and adequate rationale for the BIA's denial of the Section 212(h) waiver, Odemis has the burden on appeal of showing why <u>neither</u> basis for denying the waiver was legally valid.

Odemis does not meet this burden. Regardless of whether Odemis can demonstrate statutory eligibility for the waiver, he fails to show legal error in the BIA's discretionary refusal to consent to his admission.[1]

Odemis advances two arguments for why the BIA's refusal to consent to his

---

[1] In reviewing the BIA's exercise of its discretion here, this Court's review is limited to questions of law and constitutional claims, <u>see</u> 8 U.S.C. 1252(a)(2)(B)–(D), which we review <u>de novo</u>, <u>see</u> <u>Lonyem v. U.S. Att'y Gen.</u>, 352 F.3d 1338, 1341 (11th Cir. 2003).

admission was legally invalid. First, he contends that the BIA's refusal was premised at least in part on its erroneous belief that Odemis had committed an aggravated felony. Setting aside for now our doubts about whether Odemis can properly raise this issue before this Court, this contention lacks merit. The BIA itself never mentioned the aggravated felony classification in explaining why, independent of its analysis regarding Odemis' statutory eligibility, it would exercise its discretion to refuse to grant the waiver. Beyond this, by explicitly stating that it would deny the waiver even if Odemis were statutorily eligible for it, the BIA made clear that the exercise of its discretion to deny the waiver was not tied to its belief that Odemis had committed an aggravated felony. Thus, Odemis is simply incorrect when he claims that "[t]he basis of the BIA's decision would no longer be valid if Mr. Odemis' convictions were not aggravated felonies."

The second argument Odemis advances is that, by presuming Odemis to be an aggravated felon and by otherwise misstating his criminal record, the BIA violated Odemis' due process rights in exercising its discretion under § 1182(h). This contention also lacks merit. Even if Odemis were presumed to have been an aggravated felon without sufficient evidence, the fault probably lay with Odemis, whose prior counsel conceded that Odemis was an aggravated felon. More importantly, it is not clear if or how this presumption factored at all into the BIA's

3

independent denial of the Section 212(h) waiver based on its discretion. In addition, the BIA did not "misstate" Odemis' criminal record. Even if it uncharitably characterized Odemis' criminal record, there was nothing factually or legally erroneous about what it said, let alone any evidence that an error of potentially constitutional magnitude had been committed.

Because Odemis has failed to identify a cognizable legal error in the way the BIA exercised its discretion when refusing to grant Odemis a Section 212(h) waiver, this Court has no further basis for reviewing the BIA's final order of removal.

**AFFIRMED.**